SJM 11/27/19 10:40 am

Electronically FILED by Superior Court of California, County of Los Angeles on 11/21/2019 12:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Bradley, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UCLA HEALTH, and DOES 1 – 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALAN JANOWITZ,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Monica Courthouse

1725 Main Street
Santa Monica, CA 90401

CASE NUMBER:
*(Número del Caso):*

**19SMCV02040**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 323-306-4234

Sherri R. Carter Executive Officer / Clerk of Court

DATE:
*(Fecha)* 11/21/2019

Clerk, by
*(Secretario)* **Jacob Bradley**
, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **UCLA Health**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP415.95 Business Organization, Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

19SMCV02040
Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Marc Gross

Electronically FILED by Superior Court of California, County of Los Angeles on 11/21/2019 12:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Bradley, Deputy Clerk

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-3064234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## UNLIMITED JURISDICTION

| | |
|---|---|
| ALAN JANOWITZ, <br><br> Plaintiff, <br><br> vs. <br><br> UCLA HEALTH, and DOES 1 – 10 inclusive, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br> **(Amount to exceed $25,000)** <br><br> 1. Violation of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.*; <br> 2. Violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and <br> 3. Violation of the California Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*. <br><br> **JURY DEMANDED** |

PLAINTIFF Alan Janowitz (hereinafter, "Plaintiff") brings this civil action for damages, attorney's fees and costs, and equity against Defendant UCLA HEALTH (hereinafter, "Defendant") for its violations of Tittle III of the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("UCRA"), and the California Disabled Persons Act ("DPA"), all of which protect disabled persons' right of access to public goods and accommodations.

///

///

Complaint - 1

# PARTIES

1. Plaintiff is an individual with a "disability," specifically Plaintiff suffers a) from a congestive heart failure, and 2) limited in his mobility due to the two (2) spinal disk deterioration; and as the term is defined in the ADA and Cal. Gov't Code § 12926.1 *et seq.*, and within the meaning of the UCRA and DPA.

2. Defendant is an individual doing business within and throughout California at all times relevant to this action. Defendant is a provider of medical services and is therefore a "public accommodation" under the ADA, 42 U.S.C. §§ 12182(b). Furthermore, Defendant is a "medical facility" under the DPA, Cal. Civ. Code § 54.1(a)(1) and falls within the set of "services in all business establishments of every kind whatsoever" under the UCRA, Cal. Civ. Code § 51(b).

3. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the

acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

5. Plaintiff suffers from a congestive heart failure; as a result, Plaintiff requires medical testing and treatment.

6. Beginning on or around the year 2019, on multiple occasions Plaintiff went to the Ronald Reagan UCLA Medical Center located at 757 Westwood Plaza, Los Angeles, CA 90095 (hereinafter "UCLA Medical Center") to receive treatment.

7. Plaintiff is informed and believes that at all relevant times, UCLA Medical Center was owned and operated by Defendant.

8. Plaintiff is a disabled individual and owns a Chihuahua (hereinafter "Dog") to assist him with his disability.

9. Plaintiff's Dog is a "service animal" as defined by the 28 CFR § 35.104 and 28 CFR § 36.104.

10. On several different occasions, when Plaintiff visited UCLA Medical Center he was informed that his dog was not allowed to accompany him onto the cardiac floor.

11. During one such visit, Plaintiff was told by Defendant and his agents that he was not allowed to bring his dog onto the cardiac floor.

12. Plaintiff informed Defendant's agents that he is disabled, and that his dog is a service dog.

13. Plaintiff's was told that his dog was not a real service dog and informed that he was not allowed to bring the dog up to the cardiac floor.

Complaint - 3

14. Defendant then called the Security. Defendant's security guard informed Plaintiff that Defendant is excluded from ADA because they are a private hospital.

15. Plaintiff was then informed that if he did not have someone to come and watch his dog, Defendant would call animal control to take his dog.

16. As a result, Plaintiff was humiliated and was forced to leave the UCLA Medical Center because he did not want his dog to be taken away.

17. As a result, Plaintiff was not able to complete the necessary medical procedures at UCLA Medical Center, like a person without a disability, and he felt embarrassed, humiliated, frustrated, and upset. Defendants conduct and denial of access to the cardiac floor made Plaintiff feel like a second class citizen.

18. Plaintiff alleges upon information and belief that nothing about the nature of Defendant's premises requires that Defendant exclude Plaintiff's Dog from Defendant's property.

19. Plaintiff alleges upon information and belief that Defendant ubiquitously provides to the general public property for the benefit of receiving medical services. As such, Plaintiff would greatly appreciate access to Defendant's cardiac floor.

20. However, upon information and belief and Plaintiff's experience herein described, Plaintiff alleges that Defendant will deny access to the part of its property again in the future. Moreover, Plaintiff must endure traveling to location further away from UCLA Medical Center to conduct his medical testing and treatment, where his Dog is allowed, which costs Plaintiff additional time and money.

21. Plaintiff, upon information and belief and his experience herein described, alleges that Defendant has failed to maintain policies and procedures and receive adequate training to prevent the incidences of discrimination described herein.

22. As a result of the above violations of the ADA, UCRA, and DPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and emotional distress, additional to the denial of access to a public accommodation. Defendant is therefore liable to Plaintiff in the form of equitable and legal relief, including and not limited to an injunction against future discrimination on the basis of Plaintiff's disability compensatory relief in the form of actual damages, statutory damages, and costs and attorneys' fees.

### FIRST CAUSE OF ACTION
### TITLE III OF THE AMERICANS WITH DISABILITIES ACT, VIOLATIONS THEREOF
### (42 U.S.C. §§ 12182 *et seq.*)

23. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

24. Upon Congressional findings, codified under the ADA, 42 U.S.C. § 12101(a) *et seq.*, although disabled individuals are entitled to the same rights and privileges as able-bodied individuals, including and not limited to access to public accommodations, disabled individuals are frequently and notoriously denied equal access to public accommodations. Equal access to public accommodations like transportation are necessary to leading an independent and productive life in our society, but disability discrimination "...costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity". ADA, 42 U.S.C. § 12101(a)(8).

25. The purpose of the ADA, as pertinently stated in 42 U.S.C. §§ 12101(b)(1) & (2), is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities," respectively.

26. Title III of the ADA ("ADA") addresses discrimination by providers of public accommodations and services operated by private entities. As previously described herein, Defendant is exactly the kind of private entity to which Title III of the ADA applies.

27. Defendant's conduct as described previously herein amounts to numerous violations of the ADA, including and not limited to the following:

    a. Discrimination on the basis of disability by owners, operators, lessees, and lessors of places of public accommodation (42 U.S.C. § 12182(a));

    b. Excluding on the basis of disability individuals with disabilities from participating in or benefiting from the goods, services, facilities, privileges, advantages, or accommodations of public accommodations or otherwise discriminating against a person on the basis of disability (42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202(a));

    c. Affording on the basis of disability an individual with a disability with an opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded other individuals (42 U.S.C. § 12182(b)(1)(A)(ii) and 28 C.F.R. § 36.202(b));

    d.    Providing on the basis of disability to an individual with a disability with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (42 U.S.C. § 12182(b)(1)(A)(iii) and 28 C.F.R. § 36.202(c));

    e.    Utilizing, directly or through contractual or other arrangements, standards, criteria, or methods of administration that have the effect of discriminating on the basis of disability (42 U.S.C. § 12182(b)(1)(d) and 28 C.F.R. § 36.204);

    f.    Failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (42 U.S.C. §§ 12182(b)(2)(a)(ii) & 12184(b)(2)(A); 49 C.F.R § 37.5(f); and 28 C.F.R. § 36.202(a));

    g.    Imposing eligibility criteria that screen out or tend to screen out individuals with disabilities from enjoying the specified public accommodations provided by the private entity imposing said criteria (42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.302(a)); and

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    An order enjoining Defendant's conduct previously described herein pursuant to the ADA, 42 U.S.C. § 12188 *et seq.*;

    B.    Attorney's fees and costs pursuant to 42 U.S.C. § 2000a-3(b); and

C. All other relief this learned Court deems prudent.

**SECOND CAUSE OF ACTION
THE UNRUH CIVIL RIGHTS ACT,
VIOLATIONS THEREOF
CALIFORNIA CIVIL CODE § 51 *et seq.***

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

29. Defendant's conduct as previously described herein amounts to a violation of the UCRA, Cal. Civ. Code § 51(b).

30. Furthermore, the UCRA incorporates and expands the protection of individuals with disabilities from discrimination based thereon provided by the ADA. Therefore, Defendant's conduct previously described herein, insofar it violates the ADA, amounts to numerous violations of the UCRA, Cal. Civ. Code § 51(f).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages for each and every violation of the UCRA multiplied by three pursuant to Cal. Civ. Code § 52(a);

B. Minimal statutory damages of $4,000 for each and every violation of the UCRA pursuant to Cal. Civ. Code § 52(a);

C. Attorney's fees and costs, exclusive of Plaintiff's damages, pursuant to Cal. Civ. Code § 52(a) and Cal. Code of Civ. Pro. § 1021.5; and

D. All other relief this learned Court deems prudent.

///

///

### THIRD CAUSE OF ACTION
### THE CALIFORNIA DISABLED PERSONS ACT, VIOLATIONS THEREOF
### CAL. CIV. CODE § 54 *et seq.*

31. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

32. The DPA incorporates and expands the protection of individuals with disabilities from discrimination based thereon provided by the ADA. Therefore, Defendant's conduct previously described herein, insofar as it violates the ADA, amounts to numerous violations of the DPA, Cal. Civ. Code §§ 54(c) & 54.1(d).

33. Furthermore, Defendant's conduct as described previously herein amounts to numerous violations of the DPA, including and not limited to the following:

    a. Denial of full and equal access, as other members of the general public, to accommodations, including and not limited places of pubic accommodation, amusement, or resort, and any other place to which the general public is invited, irrespective of private or public ownership (Cal. Civ. Code § 54.1(a)(1)).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages for each and every violation of the UCRA multiplied by three pursuant to Cal. Civ. Code § 54.3(a);

    B. Minimal statutory damages of $4,000 for each and every violation of the DPA pursuant to Cal. Civ. Code § 54.3(a);

C.  Attorney's fees and costs, exclusive of Plaintiff's damages, pursuant to Cal. Civ. Code § 54.3(a) and Cal. Code of Civ. Pro. § 1021.5; and

D.  All other relief this learned Court deems prudent.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 21st Day of November, 2019.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff